**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4432-16T4

IN THE MATTER OF
RUDDY CASTILLO,
UNION CITY.

_____

Submitted September 9, 2019 – Decided September 17, 2019

Before Judges Rothstadt and Mitterhoff.

On appeal from the New Jersey Civil Service Commission, Docket No. 2016-2387.

Ruddy Castillo, appellant pro se.

O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, attorneys for respondent Union City (Kenneth B. Goodman, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Civil Service Commission (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Pamela N. Ullman, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Ruddy Castillo appeals the Civil Service Commission's (Commission) final agency decision denying his application to reopen his

administrative appeal of the termination of his employment by the City of Union City (the City). Petitioner also appeals the Commission's final agency decision denying his motion for reconsideration. We affirm.

Prior to his termination, petitioner held the position of "Laborer 1" with the Union City Department of Parks and Recreation. On or about December 8, 2011, the City sent petitioner a preliminary notice of disciplinary action (PNDA) via certified mail, charging petitioner with excessive absenteeism, insubordination, failure to perform duties, and other infractions. Specifically, the PNDA stated that petitioner "ha[d] been absent from work, without permission and [sic] and/or without giving the requisite notice, since September 26, 2011" and, prior to September 26, "was insubordinate in that he refused to perform those tasks required of him."

A departmental disciplinary hearing was held on February 16, 2012, but petitioner did not appear at the hearing. The hearing officer recommended termination. The City concurred with the hearing officer's recommendation and sent petitioner a final notice of disciplinary action (FNDA) via certified mail on May 14, 2012. The FNDA terminated petitioner's employment effective December 12, 2011, and advised him of his right to appeal within twenty days of receipt of the FNDA.

A-4432-16T4

Petitioner, however, asserted that he did not receive notice of the departmental hearing because the disciplinary notices had been sent to an incorrect address. By letter dated June 18, 2012, the City agreed to hold a rehearing as to the disciplinary charges.

Before a departmental rehearing was held,[1] petitioner appealed his termination to the Commission. On June 22, 2012, the matter was transferred to the Office of Administrative Law (OAL) for hearing as a contested case. After adjournments, the hearing was scheduled for February 22, 2013. By letter dated February 22, 2013, however, petitioner voluntarily withdrew his appeal based on the City's agreement to rehear the matter at the departmental level. The letter provided that if petitioner was unsatisfied with the outcome, he could appeal to the Commission "within the requisite time period."

It appears that the parties unsuccessfully pursued a settlement after the voluntary dismissal of petitioner's appeal. By letter dated December 13, 2013, the City confirmed to petitioner that he was terminated from employment on December 12, 2011.

---

[1] The departmental rehearing was scheduled for July 12, 2012 but was held in abeyance to explore the possible resolution of the matter by petitioner retiring on ordinary disability.

A-4432-16T4

Over two years after the withdrawal of his appeal, on May 22, 2015, petitioner requested that the Commission reinstate his appeal. In a written decision issued November 9, 2015, the Commission found that petitioner did not present a sufficient basis or good cause to reopen his appeal. The Commission noted that "[a]lthough the settlement discussions may have come to an impasse in July 2013, there was no doubt that in December 2013, the appointing authority considered the petitioner removed from employment." The Commission further reasoned that although N.J.A.C. 1:1-19.2 did not specify a time limit for filing a motion to reopen an appeal, "the petitioner's request was filed almost a year and one-half after he received definite notice in December 2013 that he no longer would be reinstated to his Laborer 1 position" and that "petitioner has not provided any explanation regarding this delay." The Commission concluded that "[u]nder these circumstances, it is prejudicial to the appointing authority to permit the petitioner now to reopen his administrative appeal, almost four years after the disciplinary action in question and over two years after he withdrew his appeal."

Petitioner moved for reconsideration of the denial of his application to reinstate his appeal. By decision issued May 8, 2017, the Commission denied petitioner's application, finding that there was no showing of a clear material

A-4432-16T4

error or any evidence or additional information that would change the outcome of the case. See N.J.A.C. 4A:2-1.6(b). The Commission found that petitioner's stated explanation for the delay in seeking to reinstate the appeal, i.e., that he had been unable to pay for expenses of litigating the claim earlier, was without merit because he could have appeared pro se before the OAL. In addition, the Commission found that petitioner inappropriately raised substantive arguments against his termination, including that he was harassed and was being retaliated against, which were not relevant to the application for reconsideration because the Commission had not previously addressed the reasons for petitioner's termination.

On appeal, petitioner urges us to reverse the Commission's decisions. Having reviewed the record in light of the applicable legal principles, we conclude that the Commission's decisions are supported by sufficient credible evidence in the record. R. 2:11-3(e)(1)(D). Accordingly, the Commission's determinations were not arbitrary, capricious, or unreasonable, and there is no reason to disturb them. See In re Carter, 191 N.J. 474, 482 (2007).

To the extent we have not addressed any of petitioner's remaining arguments on appeal, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4432-16T4